# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| JERRY ORENTHAL GREEN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV416-153 |
| | ) | CR405-139 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Citing *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015) and *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257 (2016), Jerry Orenthal Green moves this Court for 28 U.S.C. § 2255 relief. CR405-139 doc. 62. In an accompanying brief he says he "brings this successive petition for habeas corpus under [§] 2255(f)(3) in light of [*Johnson*]. . . ." Doc. 62-1 at 1.

His § 2255 motion is *not* successive.

The record shows why. Following his 2006 jury-conviction for violating 18 U.S.C. § 922, the Court sentenced Green under 18 U.S.C. § 924(e) (armed career criminal) to 293 months in 2006. Doc. 45, *appeal denied*, doc. 53. In 2010, he filed a "Petition To redress the court for

violations of Fifth Amendment Right to Due Process of Law." Doc. 55. That "Petition" alleged, *inter alia*, "that the sentence which was imposed under the enhancement statute [§ 924(e)] made the statute unconstitutional." Doc. 55. It thus was a 28 U.S.C. § 2255 motion.[1]

Cagily, Green never called it that. But since substance governs over nomenclature, *see supra* n. 1, the Court was obliged to characterize it for what it was (a § 2255 motion)[2] and apply *Castro v. United States*, 540 U.S. 375, 382-83 (2003) (a court that wishes to recharacterize a *pro se* litigant's pleading as a first 28 U.S.C. § 2255 motion must (1) notify him of the court's intent, (2) warn him that recharacterization means that a subsequent § 2255 motion will be subject to restrictions on "second or successive" motions, and (3) give him an opportunity to

---

[1] As another court has explained:

> "A party's labeling of a motion is not binding on the Court, which may discard an inappropriate label to render a decision based on the motion's substance." *Soto-Herrera v. United States*, 2013 WL 1788499, *2 (S.D. Ala. Apr. 26, 2013) (citing *Smith v. United States Parole Comm'n*, 721 F.2d 346, 348 (11th Cir.1983) (per curiam)). Despite the title, "a motion that collaterally attacks a prisoner's sentence as being unconstitutional is a motion to vacate under § 2255." *Walker v. United States*, 367 F. App'x 67, 68 (11th Cir. 2010)].

*Lacey v. United States*, 2016 WL 3093948 at *3 (S.D. Ala. June 1, 2016).

[2] "Federal courts have 'an obligation to look behind the label of a [pleading] filed by a *pro se* inmate and determine whether [it] is, in effect, cognizable under a different remedial statutory framework." *See Gooden v. United States*, 627 F.3d 846, 847 (11th Cir. 2010) (quotation marks and citation omitted)." *Cruitt v. Alabama*, 2016 WL 1382405 at * 1 (11th Cir. Apr. 7, 2016).

withdraw the motion or to amend it to include all § 2255 claims); *Davis v. Olens*, 2016 WL 3034069 at * 2 (S.D. Ga. May 26, 2016).

That was not done here. Nor was Green's "Petition" routed through the usual civil-case opening and Magistrate Judge review channel per 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Instead, the district judge directly addressed Green's motion and ruled (in its entirety): "The Court has considered the motion of the defendant requesting the Court to correct his sentence based upon his assertion that the sentence is unconstitutional. The motion is DENIED." Doc. 56. From that October 12, 2010 ruling Green appealed, doc. 57, but the Eleventh Circuit dismissed it on abandonment grounds. Doc. 61. A half-decade later, Green filed the instant motion.

"If the [district] court fails to [issue a *Castro* warning], the [earlier] motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's 'second or successive' restrictions. The requirements of *Castro* apply even when the district court denies a recharacterized section 2255 motion as untimely. *Gooden v. United States*, 627 F.3d 846, 849 (11th Cir. 2010)." *Williams v. United States*, 464 F. App'x 834, 834 (11th Cir. 2012).

Because Green's earlier "Petition" qualified for but did not receive a *Castro* warning, his current § 2255 cannot, contrary to his belief, be deemed successive. The Government shall thus respond on the merits to this, legally his first § 2255 motion, within 30 days of the date this Order is served.

**SO ORDERED,** this  21st  day of June, 2016.

*/s/ J.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA