# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| JERRY ORENTHAL GREEN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | CV416-153 |
| ) | CR405-139 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **REPORT AND RECOMMENDATION**

Jerry Green was convicted by a jury of violating 18 U.S.C. § 922(g) (possession of a firearm by a convicted felon) and given an enhanced sentence of 293 months under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1). *See* docs. 1[1] (indictment); 41 (jury verdict); 46 (judgement for 293 months' imprisonment); 53 (mandate affirming judgment, filed September 7, 2006). Invoking 28 U.S.C. § 2255, he seeks to exploit the new rule announced in *Johnson v. United States*, 576 U.S. \_\_, 135 S. Ct. 2551 (2015), and made retroactive by *Welch v. United States*, 578 U.S. \_\_, 136 S. Ct. 1257 (2016), to neutralize his career-felon

---

[1] The Court is citing to the criminal docket in CR405-139 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

enhancement.[2]  Doc. 62 at 4.

I.  **BACKGROUND**

Green was found guilty by a jury of one count of possession of a firearm by a convicted felon.  Doc. 41.  His Presentence Investigative Report (PSR) deemed him an armed career criminal, and the Court ultimately sentenced him to 293 months' imprisonment.  Docs. 45 & 46; PSR at ¶¶ 22, 28, 30.

After unsuccessfully appealing his conviction, *United States v. Green*, 219 F. App'x 843 (11th Cir. 2006), Green filed a motion to correct his sentence, arguing, *inter alia*, that the PSR erroneously described his conviction for two counts of robbery as separate incidents.  Doc. 55 at 2.  The Court denied his motion, and his appeal from that order was dismissed for lack of prosecution.  Docs. 56 & 61.

The Supreme Court has since held in *Johnson* that the "residual clause" of the ACCA, 18 U.S.C. § 924(e)(2)(B), is unconstitutionally vague.  135 S. Ct. at 2557.  Green argues that his convictions for robbery do not survive *Johnson* as ACCA-predicates.  Doc. 62-1 at 7.  The

---

[2]  The enhancement was based upon Green's prior convictions for drug offenses and violent felonies, to wit: possession with intent to distribute marijuana, armed robbery, and two counts of robbery.  PSR ¶¶ 28-30; *see also* doc. 5-1.

Government opposes. Doc. 67.

## II. ANALYSIS

### A. The *Johnson* Decision

The ACCA provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g), and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). Plain vanilla, felon-in-possession convictions fetch a maximum 10 year sentence, *see* 18 U.S.C. § 922(a)(2), while the ACCA enhancement mandates a 15 year minimum (and a maximum of life). 18 U.S.C. § 924(e)(1).

To qualify as an ACCA "violent felony" predicate at the time of sentencing, a prior conviction must be an offense that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) "is burglary, arson, or extortion, [or] involves the use of explosives"; or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(i)-(ii). These three definitions are known, respectively, as (1) the elements clause, (2) enumerated crimes clause, and (3) residual

3

clause. *Johnson* held that that "residual clause" was unconstitutionally vague. *See* 135 S. Ct. 2551, 2557. It said nothing, however, about ACCA enhancements predicated on convictions for "serious drug offenses" or "violent felonies" as defined by ACCA provisions other than the residual clause. *See, e.g., Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony," much less its definition of "serious drug offense"). After *Johnson*, enhancements based on those offenses remain valid. *United States v. Tinker*, 618 F. App'x 635, 637 (11th Cir. 2015) (convictions that qualify as violent felonies under the "elements" clause of the ACCA, rather than the "residual" clause, survive *Johnson*); *United States v. Garcia-Martinez*, 2017 WL 104462 at * 2 (11th Cir. Jan. 11, 2017) ("One type of qualifying offense is a 'violent felony.'").

### B. ACCA Predicates

Green disputes that his ACCA-enhanced sentence survives *Johnson*. Doc. 62. He contends that of his four priors, his two convictions for robbery no longer qualify as ACCA predicate offenses. *Id.* He further contends that, regardless, they should not be counted

4

separately, as they actually "consisted of one simultaneous crime occurring at the exact same time and location and not at different times." Doc. 62-1 at 7. Green apparently concedes that his two convictions for possession with intent to distribute marijuana[3] and

---

[3] Green concedes this conviction still qualifies as an ACCA predicate, and for good reason. *See In re Williams*, 826 F.3d 1351, 1356 (2016) (prior convictions for a "felony drug offense" are "not even arguably affected by *Johnson*'s holding regarding the ACCA's residual-clause definition of a violent felony.").

O.C.G.A. § 16-16-13-30(j) is analyzed under the modified categorical approach. *United States v. Stevens*, 654 F. App'x 984, 987 (11th Cir. 2016) (because "§ 16-13-30(j)(1) lists disjunctively 'possession' and 'possession with intent to distribute' -- thereby creating separate offenses -- the statute is divisible.") (citing *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276, 2281 (2013) (a statute is "divisible" when it "sets out one or more elements of the offense in the alternative"); *Vines v. State*, 296 Ga. App. 543 (2009) (finding evidence sufficient to support conviction for possession of marijuana under O.C.G.A. § 16-13-30(j)(1), but vacating a conviction for possession with intent to distribute where insufficient evidence existed of defendant's intent to distribute)).

Under the modified categorical approach, courts consult certain "*Shepard*" documents such as charging documents, plea agreements, transcripts of plea colloquies, jury instructions, and verdict forms to determine the statutory basis for conviction. *Johnson*, 559 U.S. at 144; *see also In re Hires*, 825 F.3d 1297, 1302 (11th Cir. 2016) (undisputed facts contained in a PSR may also be used in determining the statutory basis for conviction). Here, movant pled guilty to the charges of the indictment, that he "unlawfully possess[ed] marijuana, more than an ounce . . . with an intent to distribute . . . contrary to the laws of Georgia." Doc. 114-5 at 4-5 (indictment & guilty plea); *Stevens*, 654 F. App'x at 987 (to constitute an ACCA-predicate offense, "the undisputed facts in [the *Shepard* documents must] show that [defendant] was convicted under Georgia law of possession with intent to distribute marijuana (*not* mere possession of marijuana).").

Green's 1992 conviction for possession with intent to distribute marijuana fits the ACCA's definition because (1) it was a state law crime (2) for the intent to distribute (3) a controlled substance (4) punishable by up to ten years in prison. PSR at ¶ 28; doc. 67-1 at 8; *see* 18 U.S.C. § 924(e)(2)(A)(ii); 21 U.S.C. §§ 802(6), 812, Schedule I(c)(10) (listing marijuana as a Schedule I controlled substance); *Reeves v. United States*, 2016 WL 6394308 at *3 (S.D. Ga. Oct. 26, 2016) (possession with intent to

5

armed robbery[4] remain valid ACCA predicates. Hence, only one other prior conviction need be an ACCA predicate to deny this claim.

1.  **Green's Convictions**

Green was indicted by the State for two counts of armed robbery and two counts for felon-in possession of a firearm during the commission of a crime. Doc. 67-1 at 6-7. He pled guilty to two counts of armed robbery and one count of possession of a firearm as a convicted felon in exchange for dismissal of the charge of use of a firearm during commission of a crime. *Id.* at 10, 12-13.

---

distribute a controlled substance in violation of O.C.G.A. § 16-13 *et seq.* is a valid ACCA predicate offense); *see also* O.C.G.A. § 16-13-30(j)(2) ("any person who violates this subsection shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than one year nor more than ten years"); *Olson v. State*, 166 Ga. App. 104, 110 (1983) (determining Georgia Controlled Substances Act maximum sentence for marijuana distribution is ten years). That marijuana may not constitute a "controlled substance" under Georgia law is immaterial -- enhancement is governed by definitions set forth in *federal* law, not state law, *United States v. Tamayo*, 80 F.3d 1514, 1523 (11th Cir. 1996), and federal law requires only that Green has been shown to have been convicted of possession with intent to distribute marijuana on a state offense punishable by up to ten years in prison. He does not dispute those facts.

[4] Green rightfully concedes this conviction as well. At the time of his conviction, under Georgia law "[a] person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon . . . ." O.C.G.A. § 16-8-4; *see* PSR at ¶ 30 (on October 24, 1992, movant robbed Kenneth Arkwright at gunpoint and took his car and cash). Armed robbery clearly "has as an element the use, attempted use, or threatened use of physical force against the person of another" within the meaning of the ACCA. 18 U.S.C. § 924(e)(2)(B).

6

Interestingly, an apparent clerical error appears on the indictment. Green was charged with two counts of "armed robbery" in violation of "§ 16-8-4." *See* doc. 67-1 at 6. But O.C.G.A. § 16-8-4 criminalizes "theft by conversion," while O.C.G.A. § 16-8-41 criminalizes "armed robbery." Though *Johnson* and its progeny demand a high level of specificity when it comes to *Shepard* documents supporting the statutory basis of conviction, it is clear from the indictment that the jury had been directed to determine whether Green had committed "armed robbery" as defined by O.C.G.A. § 16-8-41, and had in fact charged Green with armed robbery under that statute, *not* § 16-8-4. *See* doc. 67-1 at 6 (indictment charging Green with having committed "armed robbery" in two separate incidents on the same day, by taking, "with intent to commit a theft," Steven Williams' wallet and Sanchez Gardener's money "by use of an offensive weapon, to wit: a certain firearm."); *see also* PSR at ¶ 29.

Movant, apparently latching upon this discrepancy, contends that he was actually convicted of the lesser included offense "robbery by snatching," under O.C.G.A. § 16-8-40. *See, e.g.*, docs. 62 at 4, 10-13; 68 at 14. The Georgia armed robbery statute, § 16-8-41, itself provides *only* for the lesser included offense of "robbery by intimidation" under

7

O.C.G.A. § 16-8-40. Because it is uncertain that Green actually pled guilty to two counts of armed robbery under § 16-8-41 as charged in the indictment -- particularly given that he was sentenced to only 4 years' imprisonment, when O.C.G.A. § 16-8-41(b) requires a minimum 10-year sentence -- the Court must conclude that he pled guilty to the lesser included offense of robbery by intimidation. *See id.* at § 16-8-41(a). His contention that he actually pled to "robbery by snatching" is without merit, as it is both *not* an included offense under the statute and there is absolutely *no* evidence in the *Shepard* documents that robbery by snatching was even on the table. *See* doc. 67-1 at 10-11 (negotiated plea for "robbery"), 12 (4-year sentence imposed on two counts of "armed robbery" and felon-in-possession of a firearm). The next step here, then, is to examine whether the robbery by intimidation qualifies as an ACCA predicate.

### 2. Robbery by Intimidation

Robbery in Georgia can be committed in one three of ways: by use of force; by intimidation, threat or coercion, or placing a person in fear of immediate bodily injury; or by "sudden snatching." O.C.G.A. § 16-8-40. Given the disjunctive listing of statutory elements, Georgia's robbery

8

statute cannot categorically qualify as a violent felony following *Johnson*. *In re: Herman McClouden*, No. 16-13525-J (11th Cir. July 12, 2016), copy available at *McClouden v. United States*, 2016 WL 5109530 at *4 (S.D. Ga. Sept. 20 2016). Instead, it must be analyzed under the modified categorical approach. *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016); *Descamps v. United States*, 570 U.S. \_\_, 133 S.Ct. 2276, 2281 (2013) (the modified categorical approach is used when a statute is "divisible," such that it "sets out one or more elements of the offense in the alternative").

Robbery by intimidation occurs when "[a] person . . . with the intent to commit theft . . . takes property of another from the person of another or the immediate presence of another . . . by intimidation, by the use of threat or coercion, or by placing such person in fear of immediate serious bodily injury to himself or to another . . . ." O.C.G.A. § 16-8-40(a)(2). "A conviction for robbery by intimidation . . . requires proof that the theft was attended with such circumstances of terror -- such threatening by word or gesture, as in common experience, are likely to create an apprehension of danger, and induce a [person] to part with his property for the safety of his person." *Smith v. State*, 247 Ga. App. 173

9

(2000). On the state statue's elements, that's a clear use of the "threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(l)(2)(B)(i); *Brown v. United States*, WL 7013531 at *3 (S.D. Ga. Nov. 7, 2016) (citing *Cooks v. United States*, 2015 WL 7069665 at *2 (S.D. Ga. Nov. 13, 2015) ("[R]obbery by intimidation contains as an element a threat, implicit or overt, which would likely create fear for the safety of the person being threatened. Although this definition does not include the word force, the natural corollary of an act that creates fear for the safety of a person is the threatened use of physical force against that person.")).[5] *See Hires*, 825 F.3d at 1303 ("because [Brown's] convictions qualified under the elements clause, that settles the matter for *Johnson*-residual clause purposes regardless of whether those convictions would count were [he] being sentenced today.").

---

[5] Indeed, the Seventh Circuit reached this same conclusion and held that Georgia's robbery by intimidation statute falls under the elements clause of the ACCA because it contains as an element a threat of the use of physical force. *See United States v. Thomas*, 280 F.3d 1149, 1159 (7th Cir. 2002). Other circuits have held that similar robbery by intimidation statutes fall under the elements clause. *See, e.g., United States v. Mitchell*, 743 F.3d 1054, 1059 (6th Cir. 2014); *United States v. Taylor*, 529 F.3d 1232, 1237 (9th Cir. 2008); *United States u. Melton*, 344 F.3d 1021, 1026 (9th Cir. 2003); *United States v. Presley*, 52 F.3d 64, 69 (4th Cir. 1995) (Virginia robbery by intimidation statute involved threatened use of physical force); *see also United States v. Smith*, 2016 WL 6875877 at * 6 (E.D. Tenn. Nov. 21, 2016) ("All federal courts of appeals which have considered robbery offenses that . . . require more force than mere purse snatching have concluded that such offenses qualify as either crimes of violence or violent felonies under the use-of-force clause.") (collecting cases).

Green's 1992 convictions for possession with intent to distribute, armed robbery (of Kenneth Arkwright), and armed robbery by intimidation (of either Steven Williams or Sanchez Gardener)[6] thus meet the three-conviction threshold for ACCA career-offender enhancement. 18 U.S.C. § 924(e)(1). *Johnson* therefore has no impact on the validity of his sentence.

## III. CONCLUSION

Movant's prior convictions remain predicate offenses triggering an ACCA enhancement. *See* 18 U.S.C. §§ 924(e)(1) & (2)(B). Jerry Green's § 2255 motion should thus be **DENIED** on the merits.[7] For the reasons

---

[6] Green disputes that the two robberies should be considered separate incidents, as they occurred on the same day; he was arrested for both at the same time; and the two incidents were presented together at the indictment, plea, and conviction stages. Doc. 62 at 6. Even assuming that this claim is not procedurally defaulted, *see Green*, 219 f. App'x 843 (only claim presented on appeal was on sufficiency of the evidence); *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (a movant may not use his collateral attack as "a surrogate for a direct appeal."), the *Shepard* documents make clear that these two robberies were properly considered separate occasions for enhancement purposes (*see* doc. 67-1 at 6-11 (indictment and guilty plea to *two* counts of felony robbery, with two four-year sentences to be concurrently served, for armed robberies of Sanchez Gardner and Steven Williams). *See United States v. Sneed*, 600 F.3d 1326, 1332-33 (11th Cir. 2010) (courts may look to *Shepard*-approved sources to determine whether the prior offenses were committed on different occasions for purposes § 924(e) enhancement). And, even were the Court to ignore that evidence and determine that the offenses only count as a single conviction, Green still makes it to the magic number three for § 924(e) enhancement as a career offender.

[7] Because his motion is without merit and his contentions are unambiguously

11

set forth above, it is plain that he raises no substantial claim of deprivation of a constitutional right. Accordingly, no certificate of appealability should issue. 28 U.S.C. § 2253; Fed. R. App. P. 22(b); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

---

contradicted by the record, Green's request for an evidentiary hearing (doc. 62 at 13) is **DENIED**. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (a hearing is unnecessary "if the allegations are 'patently frivolous,' 'based upon unsupported generalizations,' or 'affirmatively contradicted by the record.'"); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (same); *Lynn*, 365 F.3d at 1239 (where the motion "amount[ed] to nothing more than mere conclusory allegations, the district court was not required to hold an evidentiary hearing on the issues and correctly denied Lynn's § 2255 motion.").

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __1st__ day of February, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA