

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JERRY ORENTHAL GREEN, )
)
    Petitioner, )
)
v. ) CASE NOS. CV416-153
) CR405-139
UNITED STATES OF AMERICA, )
)
    Respondent. )
)

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 10), to which objections have been filed. After a careful de novo review of the record, the Court does not concur with the entire report and recommendation. Accordingly, the report and recommendation is **ADOPTED IN PART** and **REJECTED IN PART**. The Court adopts the Report and Recommendation as its opinion in this case with the exception of the Magistrate Judge's conclusion that Petitioner's two Georgia convictions for robbery by intimidation count as separate predicate offenses under the Armed Career Criminal Act ("ACCA"). This matter is **REFERRED** back to the Magistrate Judge with instructions to appoint counsel for Petitioner and conduct an evidentiary hearing regarding whether Petitioner's two robbery by intimidation convictions occurred at the same time. The Court

leaves for the Magistrate Judge to decide in the first instance whether Petitioner should be permitted to recast his petition as alleging ineffective assistance based on counsel's failure to object to the PSR at sentencing.

**BACKGROUND**

Following a two-day trial in federal court, a jury found Petitioner guilty on October 26, 2005 of one count of possession of a firearm by a convicted felon.[1] (CR405-139, Doc. 41.) Petitioner's Presentence Investigation Report ("PSR") placed him in a criminal history category of VI with an offense level of 33. The offense level was based on Petitioner qualifying as an armed career criminal under the ACCA, 18 U.S.C. § 924(e), due to four prior felony convictions: one South Carolina conviction for possession with intent to distribute marijuana, one Georgia conviction for armed robbery, and two Georgia convictions for robbery by intimidation. It is these last two convictions for robbery by intimidation that are at issue in this case.

At sentencing, Petitioner did not object to the robbery by intimidation convictions being counted as two separate offenses under the ACCA. Applying the armed career enhancement,

---

[1] Petitioner was tried before and sentenced by the Honorable B. Avant Edenfield.

2

Petitioner's guideline range was 235 to 293 months of imprisonment. Absent the enhancement, Petitioner faced a maximum sentence of 120 months of imprisonment. Ultimately, Petitioner received a sentence at the extreme upper-end of the guidelines: 293 months. (CR405-139, Doc. 46 at 2.) Petitioner unsuccessfully appealed the sufficiency of the evidence used to support his conviction, but did not appeal the sentencing court treating the two robbery by intimidation convictions as separate predicate offenses under the ACCA.

On July 30, 2010, Petitioner filed a Motion to Correct Sentence. (CR405-139, Doc. 55.) In that motion, Petitioner argued that his South Carolina marijuana conviction was not a predicate offense under the ACCA because the conviction carried a maximum sentence of five years, well below the ten year sentence required under the ACCA. (Id. at 2.) Also, Petitioner contended that the PSR incorrectly concluded that he committed the two robberies by intimidation on separate days. (Id.) Instead, Petitioner claimed that he committed the two crimes on the same date—October 17, 1992. (Id.) The sentencing judge denied Petitioner's motion. (Id., Doc. 56.)

On June 20, 2016, Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2255. (Doc. 1.) In his petition, Petitioner argues that he no longer qualifies as an armed career criminal based on the Supreme Court's ruling in Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015). (Id., Attach. 1 at 7-22.) With respect to the robbery by intimidation convictions, Petitioner maintains that he committed these two offenses on the same day and at the same time. (Id. at 16-21.) As a result, Petitioner concludes that these two convictions should only be counted as one predicate offense under the ACCA. (Id.) Because the conviction for possession with intent to distribute marijuana is also not a predicate offense, Petitioner believes that he has only two predicate offenses and was erroneously sentenced as an armed career offender. (Id.)

In his Report and Recommendation, the Magistrate Judge agreed that Petitioner's conviction for possession of marijuana with the intent to distribute does not qualify as a predicate offense. (Doc. 10 at 5.) However, the Magistrate Judge concluded that Petitioner's armed robbery and two robbery by intimidation convictions all counted as separate predicate offenses under the elements clause of the ACCA. (Id. at 6-13.) As permitted under

the Supreme Court's decision in Shepard v. United States, 544 U.S. 13, 26 (2005), the Magistrate Judge reviewed the available class of documents associated with the robbery by intimidation convictions—the Superior Court of Chatham County indictment, plea colloquy, and PSR. (Doc. 10 at 12 n.8.) Based on the indictment and plea colloquy, the Magistrate Judge determined that these two convictions were committed on separate dates. (Id.) The Magistrate Judge also noted that Petitioner did not object at sentencing to the PSR's conclusion that the offenses occurred on separate dates, resulting in Petitioner procedurally defaulting any argument to the contrary. (Id.) Finding that Petitioner still had three predicate offenses, the Magistrate Judge recommended that the habeas petition be denied. (Id. at 13.)

In his objections to the Report and Recommendation, Petitioner again argues that the two robbery by intimidation convictions were committed at the same time. (Doc. 13 at 11-17.) Petitioner maintains that, at the very least, the Shepard documents fail to establish that it is "more likely than not that the crimes were committed successively rather than simultaneously." (Id. at 11.) As a result, those two offenses

5

should only count as one predicate offense under the ACCA. (Id.) Therefore, Petitioner reasons he is not subject to the ACCA's sentence enhancement because he has only acquired two predicate offenses.[2] (Id.)

**ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") permits a federal prisoner to request that his sentencing court correct a sentence term that exceeds the maximum authorized by law. 28 U.S.C. § 2255(a). The petitioner bears the burden of establishing the need for an evidentiary hearing. Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011) (quoting Birt v. Montgomery, 725 F.2d 587, 591 (11th Cir. 1984)). A petitioner is entitled to an evidentiary hearing where it " 'could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief.' " Id. (quoting Schriro v. Landrigan, 550 U.S. 465, 474 (2007)).

---

[2] In his objections, Petitioner raised numerous additional arguments, which this Court has determined to lack merit. Because Petitioner's entitlement to relief rests on whether the two robbery by intimidation convictions count as separate offenses under the ACCA, the Court will not address Petitioner's unmeritorious objections.

The ACCA provides for a significantly enhanced sentence if a defendant has "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The Eleventh Circuit has explained that crimes must be " 'temporally distinct' " to be considered separate offenses under the ACCA. United States v. Sneed, 600 F.3d 1326, 1329 (11th Cir. 1998) (emphasis omitted) (quoting United States v. Sweeting, 933 F.2d 962, 967 (11th Cir. 1991)). For the § 924(e)(1) enhancement to apply, the "three previous convictions [must have] arose out of [] separate and distinct 'criminal episode[s].' " Id. (quoting United States v. Pope, 132 F.3d 684, 689 (11th Cir. 1998)).

In this case, Petitioner contends that his robbery by intimidation convictions were incorrectly counted as two predicate offenses under the ACCA. In making his recommendation, the Magistrate Judge looked at the Shepard approved documents, consisting of the indictment, plea colloquy, and PSR. After reviewing these documents, the Magistrate Judge concluded that the "two robberies were properly considered separate occasions for enhancement purposes." (Doc. 10 at 12 n.8.) For its part,

7

this Court's assessment of this case does not lead it to the same conclusion. To be fair, the Court can find little fault in either the Magistrate Judge's reasoning or his ultimate conclusion. As evidenced below, however, reasonable minds can, and in this case do, differ on their assessment of the record in this case.

I. PETITIONER'S INDICTMENT IN THE SUPERIOR COURT OF CHATHAM COUNTY

Based on this Court's review, the Shepard documents create an uneasy amount of confusion concerning the timing of the two robbery by intimidation convictions. The most puzzling Shepard document is Petitioner's indictment in the Superior Court of Chatham County. As an initial matter, the indictment clearly lists the wrong code section for the offenses of armed robbery. (Doc. 5, Ex. 4 at 4-5.) The indictment charges Petitioner in Count One and Count Two with armed robbery, but lists the corresponding code section at O.C.G.A. § 16-8-4. (Id.) Section 16-8-4, however, criminalizes theft by conversion, not armed robbery. Compare O.C.G.A. § 16-8-4 ("Theft by conversion"), with id. § 16-8-41 ("armed robbery; robbery by intimidation"). This confusion appears to be a scrivener's error that resulted in dropping the last numeral of the correct code section.

Also, the indictment states that Count One occurred on November 18, 1992 and Count Two occurred on October 17, 1992. However, the Recidivist Count under O.C.G.A. § 17-10-7 states that Petitioner had been previously convicted of "POSSESSION OF CONTROLLED SUBSTANCE, having been <u>sentenced</u> on October 17, 1992." (Doc. 5, Ex. A at 6 (emphasis added).) While feasible, it is no doubt highly unlikely that Petitioner committed Count Two on the same day he was sentenced in Chatham County Superior Court for possession of a controlled substance.

The inconsistencies in the indictment, however, do not end there. In Count Four, Petitioner was charged with possession of a firearm by a convicted felon in violation of O.C.G.A. § 16-11-131. (Doc. 5, Ex. A at 5.) That count states that Petitioner illegally possessed a firearm on October 17, 1992, but makes no mention of November 18, 1992. (<u>Id.</u>) Indeed, there is no other allegation of possession of a firearm by a convicted felon that corresponds with a November 18, 1992 armed robbery. Moreover, Count Four states that Petitioner had "been convicted on the 12[th] day of March, 1992 . . . of the offense of Possession of

Controlled Substance," which is at odds with the October 17, 1992 date provided in the Recidivist Count.[3] (Id.)

Adding even more confusion, Count Three charges Petitioner with violating O.C.G.A. § 1-11-106 by possessing a firearm during the commission of a crime, specifically the armed robberies charged in Count One and Count Two. (Doc. 5, Ex. A at 5.) Once again, the indictment lists the incorrect code section. Section 16-11-106 criminalizes the possession of a firearm during the commission of certain crimes. Section 1-11-106 simply does not exist—no doubt another clear example of a scrivener's error.

Moreover, the description of the offense contained in Count Three strongly suggests that the robbery by intimidation offenses were committed at the same time. Count Three states

> that the said JERRY ORENTHAL GREEN; in the County and State aforesaid, did, on or about October 17, 1992, have on his person a certain firearm during the commission of a crime, to wit: Armed Robbery, said crime involving the person of another, to wit: <u>Steven Williams</u> and <u>Sanchez Gardner</u>.

---

[3] The Court recognizes that Count Four states March 12, 1992 as the date of conviction and the Recidivist Count states October 17, 1992 as the date of sentencing. In this Court's experience, however, such a delay between conviction and sentencing would be unlikely.

10

(Doc. 5, Ex. A at 5 (emphasis added).) This language leaves the strong impression that Petitioner at least committed the robberies by intimidation on the same day, if not at the same time.

Given all the errors and inconsistencies contained in the indictment, it is difficult for this Court to accept the notion that the indictment clearly establishes that the robbery by intimidation counts were committed on separate occasions. The indictment does list the robbery counts as occurring on separate dates. However, there is more in the indictment to suggest that Petitioner committed those offenses at the same time. In this Court's opinion, it is more than likely that the separate dates listed in the indictment represent one of many errors contained in that document.

## II. PETITIONER'S PLEA COLLOQUY IN SUPERIOR COURT

The next <u>Shepard</u> document is Petitioner's plea colloquy in Superior Court. This document, however, is susceptible to two diametric interpretations. The only description of Petitioner's conduct during the plea colloquy came from his counsel:

> He wasn't the one that had the gun. He stopped the
> victims in this case and then he got in his car and
> drove off and the other people came behind with the
> gun and held the victims at gunpoint and took $35 off

11

> of one victim and then they hopped in the car and took the car that they were in. He was the one that stopped them.

(Doc. 9 at 20.) To this Court, a fair reading of this statement supports a conclusion that the robberies were committed at the same time. Counsel repeatedly refers to Petitioner's action in the singular, but refers to the victims in the plural. Based on counsel's statement, it appears that Petitioner stopped the two victims, who were both riding in the same vehicle, to allow co-conspirators to approach the vehicle without being detected. Once the co-conspirators held up the victims at gunpoint, Petitioner returned to his own vehicle and left the scene. Ultimately, the co-conspirators robbed the victims and stole the vehicle.

The Court recognizes, however, that counsel's statement could also be understood to describe Petitioner's role in a repeating criminal scheme. With this understanding, counsel's use of the singular to describe Petitioner's conduct would not necessarily lead to the conclusion that Petitioner committed only one act with two victims. Rather, Petitioner could have performed this role on at least two separate occasions.

Given these two possible interpretations, the plea colloquy is ambiguous. However, the Court believes the more reasonable interpretation of counsel's statement is that Petitioner committed both robberies at the same time. While not dispositive, this document provides some support for Petitioner's argument that the robbery by intimidation convictions should be considered as only one predicate offense under the ACCA.

III. <u>PETITIONER'S PRESENTENCE INVESTIGATION REPORT</u>

The last Shepard document is Petitioner's PSR in the underlying federal criminal case. The PSR lists the robberies as occurring on separate dates, stating that the information was obtained from court records. While unclear, the information was most likely obtained from the Superior Court indictment. At sentencing, Petitioner's appointed counsel did not object to the PSR's conclusion that the robbery by intimidation convictions count as separate predicate offenses.

The record is silent as to any reasoning behind counsel's decision. However, the Court recognizes several reasons why counsel might not object to the PSR's characterization. The most likely being that Petitioner faced four predicate ACCA offenses.

13

Counsel possibly believed that given this number, and the availability of the residual clause, there was little likelihood Petitioner could escape the ACCA enhancement by eliminating two predicate offenses.

Whatever the reason, counsel did not object. According to the Magistrate Judge, the end result is that Petitioner has procedurally defaulted this argument and is now prohibited from raising it in his habeas petition as grounds for relief. (Doc. 10 at 12 n.8.) Consequently, Petitioner is now saddled with the PSR's conclusion. Indeed, the Magistrate Judge bases his reasoning with respect to this issue almost entirely on Petitioner's failure to either object at sentencing to or raise on appeal the PSR's conclusion that the offenses should be counted separately. (Id.)

## IV. PETITIONER'S STATE ARREST WARRANTS

While fully recognizing that Petitioner's arrest warrants are not Shepard approved documents, they do provide some illumination in this case. The arrest warrants for the robberies both state that Petitioner committed armed robbery "at 38th and Bullock Street on October 17, 1992 at approx. 2:05 A.M." (Doc. 5, Ex. A at 1, 3.) Assuming they are accurate, the arrest

warrants describe Petitioner robbing two different people, but at the same place, on the same day, and at the same time.

Also, the warrant for the armed robbery of Mr. Williams was attested to on October 26, 1992. (Id. at 3.) However, the indictment states that Petitioner robbed Mr. Williams on November 18, 1992. (Id. at 4.) This is just another indication that the Superior Court indictment contains numerous errors—obviously Mr. Williams would be unable to attest to a crime that had not yet happened.

V. NEED FOR AN EVIDENTIARY HEARING

Based on this Court's review of the record, an evidentiary hearing " 'could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief.' " Chavez, 647 F.3d at 1060 (quoting Schriro, 550 U.S. at 474). The Magistrate Judge based his recommendation primarily on Petitioner's failure to object to the PSR's conclusion that the robbery convictions count as two predicate offenses. However, this Court is unwilling to adopt that recommendation at this time.

The PSR's conclusion was most likely based on the Superior Court indictment, which is so replete with errors that this

15

Court lacks any confidence in the accuracy of the indictment's most basic information. As a whole, the indictment suggests to this Court that the robbery by intimidation offenses were committed at the same time. This proposition is slightly supported by Petitioner's plea colloquy in Superior Court. Despite not being Shepard approved documents, this Court finds it exceedingly difficult to simply ignore the state arrest warrants' clear indication that the offenses occurred simultaneously.

In its quiet moments, this Court is troubled by the notion that Petitioner may very well be serving a sentence that is almost fifteen years too long. But, even more haunting is the idea that our government would allow one of its citizens to serve a term of incarceration far in excess of that to which he should have been subject. In fairness, Petitioner possesses a terrible criminal history, going so far as to strike an officer while resisting arrest and later escaping custody by kicking out the rear window of a police vehicle while handcuffed. Despite all this, however, it appears to this Court that the statutory maximum in this case most likely should have been 120 months of imprisonment, far below the 293 month sentenced imposed by the

sentencing court. While the Government may feel that Petitioner deserves a sentence in excess of 120 months, such subjective determinations by the Government of the need to remove an individual from society by completely taking away his freedom have no place in our blind system of justice and are anathema to ordered liberty. It is this Court's sincere hope that the Government's actions in this case express a similar sense of justice and fairness.

In the criminal context, the Constitution promises fairness, but not perfection. See Stanley v. Zant, 697 F.2d 955, 964 n.7 (11th Cir. 1983) (citing United States v. Decoster, 624 F.2d 196, 211 (D.C. Cir. 1976)). Petitioner's sentence in this case seems nowhere near perfect and exceedingly far from fair. Therefore, it is this Court's belief that Petitioner should be provided every opportunity to establish his entitlement to relief in this case. For these reasons, the Court feels compelled at this stage to **REJECT** the portion of the Magistrate Judge's Report and Recommendation regarding whether Petitioner's two robbery by intimidation convictions should be considered separate predicate offenses under the ACCA.

## CONCLUSION

After a careful review of the record and for the foregoing reasons, the Court does not concur with the Magistrate Judge's entire Report and Recommendation (Doc. 10). Accordingly, the report and recommendation is **ADOPTED IN PART** and **REJECTED IN PART**. The Court adopts the Report and Recommendation as its opinion in this case with the exception of the Magistrate Judge's conclusion that Petitioner's two Georgia convictions for robbery by intimidation count as separate predicate offenses under the ACCA. This matter is **REFERRED** back to the Magistrate Judge with instructions to appoint counsel for Petitioner and conduct an evidentiary hearing regarding whether Petitioner's two robbery by intimidation convictions occurred at the same time. The Court leaves for the Magistrate Judge to decide in the first instance whether Petitioner should be permitted to recast his petition as alleging ineffective assistance based on counsel's failure to object to the PSR at sentencing.

SO ORDERED this 22ND day of June 2017.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA