FILED
Scott L. Poff, Clerk
United States District Court

By James Burrell at 4:27 pm, Oct 23, 2017

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JERRY ORENTHAL GREEN, )
)
    Petitioner, )
)
v. ) CASE NOS. CV416-153
) CR405-139
UNITED STATES OF AMERICA, )
)
    Respondent. )
)

## O R D E R

Before the Court is the Government's Motion to Reconsider (Doc. 23) and Motion for Leave to File Supplemental Brief (Doc. 34). Petitioner has responded in opposition to the Government's Motion to Reconsider.[1] (Doc. 28; Doc. 29.) After careful consideration, the Government's Motion for Leave to File Supplemental Brief is **GRANTED**. For the following reasons, the Government's Motion to Reconsider is **DENIED** and Petitioner's 28 U.S.C. § 2255 Petition is **GRANTED**. Because he no longer qualifies for sentencing under the Armed Career Criminal Act,

---

[1] The Government's Motion to Strike Response in Opposition (Doc. 30) is **DENIED**.

Petitioner's sentence is **REDUCED** to time served,[2] effective **ten days** from the date of this order. In addition, Petitioner's term of supervised release is **REDUCED** to three years because he no longer qualifies for the five-year term provided for under the Armed Career Criminal Act. The Clerk of Court is **DIRECTED** to close this case.

## BACKGROUND

On January 5, 2006, Petitioner received a 293-month sentence after a jury found him guilty of being a felon in possession of a firearm. Petitioner was sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), due to four prior felony convictions: one South Carolina conviction for possession with intent to distribute marijuana, one Georgia conviction for armed robbery, and two Georgia convictions for robbery by intimidation. Absent Petitioner qualifying as an armed career criminal under the ACCA, Petitioner would have faced a maximum sentence of 120 months of imprisonment.

Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2255 challenging his status as an armed career

---

[2] Petitioner has served more than the 120-month statutory maximum term of imprisonment he would have faced absent being designated as an armed career criminal.

criminal. (Doc. 1.) In his petition, Petitioner argued that he no longer qualified as an armed career criminal based on the Supreme Court's ruling in Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015). (Doc.1, Attach. 1 at 7-22.) With respect to the robbery by intimidation convictions, Petitioner maintained that he committed these two offenses on the same day and at the same time. (Id. at 16-21.) Petitioner claimed that these two convictions should only be counted as one predicate offense under the ACCA. (Id.) In addition, Petitioner argued that his South Carolina marijuana conviction is not a predicate offense because it was his first offense and only carried a five-year maximum term of imprisonment.[3] (Doc. 9 at 3 & n.1.) As a result, Petitioner concludes he only has two predicate offenses under the ACCA: armed robbery and robbery by intimidation. (Id.)

In his Report and Recommendation, the Magistrate Judge agreed that Petitioner's South Carolina conviction for

---

[3] Petitioner raised this argument in his objections to the Magistrate Judge's initial Report and Recommendation, which stated Petitioner conceded that the South Carolina marijuana conviction was a predicate offense. As a result, the Magistrate Judge vacated that Report and Recommendation and issued a new Report and Recommendation. This Court will only refer to the new Report and Recommendation.

3

possession of marijuana with the intent to distribute does not qualify as a predicate offense. (Doc. 10 at 5.) However, the Magistrate Judge concluded that Petitioner's armed robbery and two robbery by intimidation convictions all counted as separate predicate offenses under the elements clause of the ACCA. (Id. at 6-13.) Finding that Petitioner still had three predicate offenses, the Magistrate Judge recommended that the habeas petition be denied. (Id. at 13.) While Petitioner submitted objections (Doc. 13) with respect to the robbery by intimidation convictions, the Government failed to object to the Magistrate Judge's conclusion that Petitioners' South Carolina marijuana conviction did not qualify as a predicate offense.

On June 22, 2017, the Court adopted in part and rejected in part the Magistrate Judge's Report and Recommendation. (Doc. 14.) Specifically, the Court adopted the entirety of the Report and Recommendation with the exception of the Magistrate Judge's conclusion that the two robbery by intimidation convictions counted as two separate predicate offenses. (Id. at 1.) The Court adopted, without

4

objection, the Magistrate Judge's conclusion that the South Carolina marijuana conviction was not a predicate offense. Ultimately, the Court referred this case back to the Magistrate Judge "with instructions to appoint counsel for Petitioner and conduct an evidentiary hearing regarding whether Petitioner's two robbery by intimidation convictions occurred at the same time." (Id.)

Almost 50 days later on August 9, 2017, the Government filed its Motion to Reconsider. (Doc. 23.) In that motion, the Government requests that this Court reconsider its order adopting the Magistrate Judge's conclusion that the South Carolina marijuana charge is not a predicate offense under the ACCA. (Id. at 2.) In response, Petitioner argues that the Government is not entitled to reconsideration. (Doc. 28 at 1-3.) In addition, Petitioner maintains that the South Carolina marijuana conviction is not a predicate offense because Petitioner was sentenced under South Carolina's Youthful Offender Act, which provides for a sentence of up to six years imprisonment. (Id. at 3-4.) As a result, the South Carolina marijuana conviction did not carry the ten-year sentence required to qualify it as a

predicate offense under the ACCA, see 18 U.S.C. § 924(e)(2)(A)(ii) (requiring a maximum term of imprisonment of ten years or more to qualify as serious drug offense). (Doc. 28 at 3-4.)

The Magistrate Judge scheduled an evidentiary hearing regarding Petitioner's robbery by intimidation convictions. (Doc. 15.) At the request of both the Government and Petitioner, the Magistrate Judge rescheduled the hearing several times. (Doc. 18; Doc. 22.) The last scheduled hearing was to occur on October 4, 2017. Prior to that date, the Government filed a Supplemental Brief conceding that Petitioner's robbery by intimidation convictions should only count as one predicate offense under the ACCA. (Doc. 34; Attach. 1 at 1-3.) However, the Government continued to maintain that Petitioner is still an armed career criminal because the South Carolina marijuana conviction qualifies as a predicate offense, despite Petitioner receiving a sentence under the Youthful Offender Act, because it was Petitioner's second drug offense and carried a ten-year maximum term of imprisonment. (Id. at 3-4.) Based on this concession, the Magistrate Judge

6

cancelled the October 4 hearing pending this Court's resolution of the Government's Motion to Reconsider.

**ANALYSIS**

In light of the Government's concession concerning the robbery by intimidation convictions, Petitioner's entitlement to relief now rests solely on this Court's resolution of the Government's Motion to Reconsider. Generally, interests of finality and conservation of judicial resources operate to render reconsideration of a prior order an extraordinary remedy. Unsurprisingly, such relief is scarce and only provided with the greatest caution. Nevertheless, a court will reconsider a prior decision "if there has been an intervening change in law, if new evidence has become available, or if there is a need to correct clear error or manifest injustice." Auto-Owners Ins. Co. v. Ralph Gage Contracting, Inc., 2016 WL 7668482, at *1 (N.D. Fla. July 14, 2016) (unpublished); accord Arthur v. King, 500 F.3d 1335, 1344 (11th Cir. 2007) (noting reconsideration proper only for newly-discovered evidence, or manifest errors of law or fact (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999))). However,

motions for reconsideration are not vehicles for parties to present arguments that should have been raised prior to the court's ruling. See Burrows v. Waffle House, Inc., 2000 WL 35594556, at *2 (S.D. Fla. Oct. 19, 2000). After careful consideration, the Court concludes that the Government is unable to meet this standard.

In the Report and Recommendation, the Magistrate Judge reasoned that Petitioner's South Carolina marijuana conviction was not a serious drug offense under the ACCA "because it is unclear just what transpired at the indictment, plea, and sentencing." (Doc. 10 at 5 n.4.) As a result, the Magistrate Judge "conclude[d] that [Petitioner] was sentenced as a first-time offender—subject to only a maximum term of five years." Under the ACCA, serious drug offenses are those that carry a possible term of imprisonment of at least ten years. 18 U.S.C. § 924(e)(2)(A). The Government did not object and this Court adopted that portion of the Report and Recommendation.

In its Motion to Reconsider, the Government now contends that Petitioner's South Carolina marijuana

conviction qualifies as a serious drug offense because it was not Petitioner's first conviction. (Doc. 23 at 8-9.) According to the Government, the conviction is an ACCA predicate because Petitioner had previously been convicted of possession of cocaine in Georgia. (Id. at 9-10.) Therefore, Petitioner faced a ten year maximum sentence, rather than the five-year maximum for a first time offender. (Id. at 10.)

The problem with the Government's argument is that it is impossible to determine, based on the record in this case, whether Petitioner was sentenced as a first- or second-time offender. According to the presentence investigation report ("PSI"), Petitioner was 17-years old when arrested in Georgia on September 19, 1991 for possession of cocaine. On March 12, 1992, Petitioner received a 3-year probationary sentence for that offense. Petitioner was then arrested in South Carolina on June 25, 1992 for possession with intent to distribute marijuana. On September 15, 1992, Petitioner was sentenced under the Youthful Offender Act for the South Carolina marijuana

charge.[4] The Youthful Offender Act permits a court to "sentence the youthful offender indefinitely to the custody of the [Department of Corrections] for treatment and supervision pursuant to this chapter until discharged by the [Youthful Offender Division], the period of custody not to exceed six years." S.C. Code Ann. § 24-19-50(3). This type of sentence is not a term of imprisonment, but rather a transfer of custody for treatment and supervision. Compare id. (permitting custody "for treatment and supervision"), with id. § 44-53-370(b)(2) (mandating defendant guilty of "first offense must be imprisoned not more than five years").

The Government has provided a copy of the judgment for Petitioner's South Carolina marijuana conviction. (Doc. 23, Ex. A at 5.) That document, however, is completely silent as to whether that court considered the marijuana offense Petitioner's first or second conviction. It simply

---

[4] A sentence under the Youthful Offender Act would not have operated to disqualify a second offense, subject to the ten-year penalty, from counting as a predicate offense under the ACCA. United States v. Sellers, 806 F.3d 770 (11th Cir. 2015).

sentences Petitioner to a maximum of six years custody under the Youthful Offender Act.[5]

This Court is unconvinced by the Government's argument that Petitioner was sentenced in South Carolina as a second-offender. There is simply no indication in the record how the court treated Petitioner's Georgia conviction for possession of cocaine. Petitioner was seventeen at the time he was sentenced in Georgia. Moreover, Petitioner only received a non-custodial sentence—a three year term of probation. It is entirely possible that the South Carolina court considered the Georgia conviction a juvenile adjudication that would not count as a previous conviction for a drug offense. Given the short proximity in time, it is also possible that the South Carolina court was not even aware of the Georgia conviction.

This Court is not making the argument that the record supports the conclusion that Petitioner was actually

---

[5] The PSI is incorrect in calling this sentence an "[i]ndeterminate prison term." As noted above, a sentence under the Youthful Offender Act is not a term of imprisonment, but an undefined period of custody, not to exceed six years, during which the offender receives treatment and supervision.

sentenced as a first-time offender, only that it is unclear what actually transpired with respect to the South Carolina marijuana conviction. All too often this Court is hamstrung with respect to sentencing by incomplete, incorrect, or ambiguous records from state courts. This case is no exception—the record is simply devoid of any concrete information this Court can use to determine what actually happened with respect to the South Carolina marijuana conviction. What is clear to this Court, however, is that the Government has not established an intervening change in law, the availability of new evidence, clear error, manifest injustice, or any other basis for this Court to reconsider its prior order.

The Court places special emphasis on that last point. When addressing the Government's motion, the Court viewed the record and arguments through the lens of the Government's entitlement to reconsideration. The outcome may have been entirely different had the Government properly objected to the Magistrate Judge's Report and Recommendation. Perhaps the Government made the mistake of assuming this Court blindly adopts the Magistrate Judge's

conclusions, or perhaps the Government failed to appreciate the value of thoroughness and precision with respect to this matter. Whatever the reason, the Government has failed to establish an entitlement to reconsideration on this issue.

## CONCLUSION

For the foregoing reasons, the Government's Motion to Reconsider (Doc. 23) is **DENIED** and Petitioner's 28 U.S.C. § 2255 Petition is **GRANTED**. Because he no longer qualifies for sentencing under the ACCA, Petitioner's sentence is **REDUCED** to time served, effective **ten days** from the date of this order. In addition, Petitioner's term of supervised release is **REDUCED** to three years because he no longer qualifies for the five-year term provided for under the ACCA. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 23rd day of October 2017.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA